WILLIAM H. BENNESON

*v.*

WILLIAM A. BILL *et al.*

1. CHANCERY PRACTICE—*proof on bill confessed.* Where a bill is taken as confessed, the court may, in its discretion, require proof as to any or all the allegations of the bill, or render a decree without proof. And no distinction is made in this respect between bills sworn to, and those not sworn to.

2. RECEIVER—*decree.* On bill against an insolvent insurance company, filed by creditors, the court appointed the master in chancery receiver, and directed him to collect the debts owing to the company, and apply the proceeds in payment of complainants' judgments: *Held,* that the decree was too broad. It should have directed the proceeds to be brought into court, so that the court might distribute it to the creditors entitled.

3. SAME—*who may act as receiver.* Ordinarily, the appointment of a receiver is a matter of discretion; but there are persons, who, owing to their position, are not usually competent to act as such. A party to the suit is

not, unless by consent of both parties. And a master in chancery, being an officer of court, whose duty it is to pass upon the accounts and check the conduct of a receiver, is disqualified from being appointed receiver.

APPEAL from the Circuit Court of Adams County; the Hon. JOSEPH SIBLEY, Judge, presiding.

Messrs. SKINNER & MARSH, for the appellant.

Mr. S. N. DAVIS, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from a decree in chancery in the Adams circuit court. The scope and object of the bill filed in the cause, was to compel the defendant, who had been appointed by a decree of that court, rendered at October term, 1869, receiver of the Farmers and Merchants' Insurance Company, under which the assets of that company had been placed in his hands with authority to collect debts and pay liabilities of the company; to institute suits against the officers and stockholders of the company on account of their liability to the creditors of the company, and to apply the proceeds of any money he might make to the payment of the several judgments of complainants against the company, they alleging that they, severally, were insured in that company; that during the life of their policies the property insured was consumed by fire; that they, severally, recovered judgments on the policies against the company; that they caused executions to be issued thereon, all which were returned *nulla bona.* It is further alleged that this company did business under their charter in two departments—a stock and a mutual; that complainants' policies were in the stock department, and full premiums paid in cash; that they relied on the capital and assets of the stock department for payment of losses; that the capital mainly consisted of small per centages paid on stock and of stock notes of stockholders for portions of stock unpaid, secured on property.

A list of stockholders is then exhibited, with amount of stock

to each, aggregating one hundred and three thousand three hundred dollars, and it is then alleged that upon faith of this, and of representations of the company of their ability to pay losses, complainants and many others insured in the company.

Combination and fraud are alleged, by the officers and members of the company in distributing the assets of the stock department among themselves, showing wherein, and the manner thereof, by which the capital and assets of the stock department were distributed among the members of the company, and the losses left unpaid, etc.

The proceedings to wind up the company instituted by the attorney general are then recited.

This statement sufficiently shows the nature of the proceeding. There is an allegation that complainants had requested defendant to bring suit for the recovery of the assets, etc., or to allow them to use his name for that purpose; the money to be applied to their judgments.

The prayer of the bill is that defendant be compelled to sue for the assets, and to appropriate the proceeds in payment of their judgments.

The court decreed accordingly; and further, that in case defendant failed to bring suit in ninety days, then the master in chancery do the same, and become possessed of the assets of the company, and apply the proceeds to complainants' judgments.

The decree was *pro confesso,* no answer or plea by defendant having been put in.

To reverse this decree the defendant has appealed, assigning the decree as error.

Appellant makes several important points on this record which require much and careful consideration, but to which appellees have not replied. They have confined their attention in their brief, to one single point, and that is, the effect of a decree *pro confesso.*

Appellant insists that upon a *pro confesso* order upon a bill not sworn to, and without any evidence in any form, the court was incapable of passing the decree it did pass.

A doctrine the opposite of this, is settled by this court in a number of cases. In *Smith* v. *Trimble et al.*, 27 Ill. 152, it was said, when a bill is taken as confessed, the court trying the cause, may, in its discretion, require proof as to all or any portion of the allegations of the bill, or render a decree on the *pro confesso* order without evidence. The same was held in *Stephens* v. *Bichnell*, id. 444. In *Harmon* v. *Campbell*, 30 id. 25, it was said, when a decree *pro confesso* has been entered after default, the defendant can not make any objection that the proof does not sustain the allegations of the bill. The allegations are taken as true by the default. The court had a right to render the decree without any proof.

And such is the statute. Ch. 21, sec. 19, R. S. 95.

No distinction is made between bills sworn to and not sworn to ; but in this case the bill was sworn to.

An objection is made to the scope of the decree, that it is too broad. This, we think, is well taken. The decree should have directed the proceeds of such moneys, as might be collected by the receiver, to be brought into court, that the court might distribute it to the creditors entitled.

There is another objection made to the decree, and that is in appointing the master in chancery of the court the receiver, in the event appellant did not act in ninety days.

As a general rule, the appointment of a receiver is ordinarily a matter of discretion in the court ; but there are persons who, owing to their position, are not usually competent to act as such. A party to a suit is not competent, unless by consent of both parties. Nor is a trustee, for he is the person to see that the receiver performs his duty. The two characters are incompatible; but in a special case he might be appointed, he engaging to act as such without emolument. And this rule is extended to others besides trustees. In *Taylor* v. *Oldham*, Jacob R. 527, Lord Eldon held that the son of a next friend, suing for an infant, ought not to be receiver. Nor will a man be appointed receiver whose position may cause difficulty in administering justice. A master in chancery was accordingly held disqualified, he being an officer whose duty it was

to pass the accounts and check the conduct of a receiver. Kerr on Receivers, ch. 4, pp. 126 to 130.

This court held in *Baker* v. *Backus*, Adm'r, 32, Ill. 79, that the solicitor of the complainant could not be receiver.

Without discussing the questions made by appellant under his first, second, and third points, we reverse the decree and remand the cause for reasons above given.

*Decree reversed.*