TAYLOR *v.* LIFE ASSOCIATION OF AMERICA.

*(Circuit Court, W. D. Tennessee.* August, 1880.)

1. RECEIVER—NON-RESIDENT—OFFICER OF FOREIGN STATE—PARTY TO SUIT—BOND—NON-RESIDENT SURETIES.—A public officer of the state of Missouri was authorized, in his official capacity, to wind up an insolvent corporation located in said state, and doing business in the state of Tennessee and some thirty other different states. Such officer was appointed receiver of the corporation by the proper court in Missouri, with instructions to collect the assets of the corporation throughout all the states, and hold the same for distribution, subject to the instructions of the court. *Held,* that the circuit court for the western district of Tennessee could appoint such officer receiver of the assets of the corporation situated within the state of Tennessee, upon condition that he should pay the funds into the registry of the court, although he had been made a party defendant to a general creditors' bill removed from the state court for the purpose of winding up the corporation under the insolvent laws of the state of Tennessee. *Held,* further, that the bond of such receiver was sufficient, although the sureties were resident in the state of Missouri.

In Equity.

*Smith & Collier,* for plaintiffs.

*Wright & Folkes* and *Carr & Reynolds,* for defendants.

HAMMOND, D. J. Application is made to reconsider the order heretofore entered, appointing the defendant W. S. Relfe receiver in this case; and objection is taken to his bond because the sureties are non-residents of Tennessee.

The facts necessary to be stated are that the Life Association of America was a corporation of the state of Missouri, doing business, as was stated at the bar, in 32 of the states of the Union. It became insolvent, and by statutes of Missouri it became the duty of the defendant W. S. Relfe, as a public officer appointed by law for the purpose, to wind it up under the insolvent laws of that state. To this end he commenced the necessary proceedings in the proper court in Missouri; and by its decree, the corporation being declared insolvent, Relfe was appointed receiver, with instructions to collect the assets everywhere in all the states, and hold them for distribution, as required by law, under the supervision of that court. The corporation was also required, and did, by formal assign-

ment, convey all the assets to Relfe, for the purposes of administration, under the insolvent laws of Missouri. He is under a bond of $100,000 in Missouri for the faithful performance of these duties, and is paid an official salary in lieu of all compensation.

The plaintiffs in this case—citizens of Tennessee—claim to be creditors of the corporation, which was a mutual concern, and are all policy holders, one only of the policies being matured by a death loss. It seems to have been a regulation of the company to lend its funds arising from the business in any state upon mortgages within that state, so that there are within this district some $25,000 or more of loans to citizens of Tennessee, secured by notes and mortgages given upon lands situated here. These plaintiffs insist by their bill that they have a prior claim on these Tennessee assets, setting up an agreement that they should stand as security for their policies, and otherwise; that by the general law they have a right to be satisfied before these Tennessee funds can be removed to Missouri. The bill seeks to wind up the corporation under the Tennessee insolvent laws, and may be called a general creditors' bill for that purpose, asking the appointment of a receiver. It was filed in the state chancery court; the corporation, Relfe, and the Tennessee debtors being made parties defendant. An injunction was granted restraining Relfe from exercising his functions in this state, or collecting these assets, and an attachment was issued impounding them for the satisfaction of plaintiffs' claims.

The corporation and Relfe answered, denying the equities and claims of the plaintiffs to priority, or to a separate administration here, and setting up Relfe's title under the laws of Missouri, and the assignment made to him. Having answered, they removed the cause to this court, and thereupon moved to dissolve the injunction and discharge the attachment. The plaintiffs, having failed on a motion to remand for want of jurisdiction, moved for a receiver.

On the argument of these motions it occurred to me that the questions were of too grave a character to be determined in so preliminary a manner, and should abide the hearing, upon

full proofs as to the facts; and that, in the meantime, the assets should be collected with as little delay and expense as possible. Being desirous, upon principles of comity, if for no other reason, to give as much effect as possible to the proceedings in Missouri, the home of the corporation, without injury to any of the rights, real or supposed, of the Tennessee creditors, it at first appeared to me that it would answer the ends of justice to refuse a receiver, dissolve the attachment, and permit Relfe to go on with his collections; but to restrain him from taking the funds beyond the jurisdiction of the court until this controversy was settled, and to require him to pay his collections into the registry of this court as a further security against their removal. This was not satisfactory to the plaintiffs, and inasmuch as they insisted that the laws of Missouri could not operate in Tennessee, nor the decrees of its courts, nor the assignment in a case like this, it seemed necessary to strengthen Relfe's title by appointing him receiver here, and it was so ordered. He was required to pay the funds into this court, and enjoined from making any other disposition of them. He submitted to this course and accepted the conditions, presumably with the consent and advice of the court in Missouri; but, whether that be so or not, the power to prevent any injury by his removing the assets was considered ample, and I had no doubt the proceedings could progress amicably between the two courts, and much unnecessary expense be thereby saved. He has tendered the required bond, with sureties residing in Missouri of ample means for the purposes of security. This petition for a rehearing is a very earnest protest against that decree, and against a bond given only by non-residents. The objections are (1) that Relfe is an officer of a foreign state, subject to its laws; (2) that he is the receiver of a foreign court, subject to its control; (3) that he is a party to the suit, and not indifferent or impartial; (4) that he is a non-resident, and resides at a distance; and (5) that his sureties, at least, should reside here.

As a general rule, the appointment of a receiver, and the proper person to be appointed, are matters within the discretion of the court; not arbitrary it is true, but to be governed

by sound considerations of judicial judgment, each case to be determined according to its own circumstances. High on Receivers, § 65; Kerr on Receivers, (Bisph. Ed.) § 577. Private preferences must yield to public considerations; and no man can claim it for himself or his particular friend, especially in a case like this, where so many absent parties, not known to the record, and who are and doubtless will remain quite ignorant of these proceedings, are interested in the subject-matter of this controversy. *Re Empire City Bank*, 10 How. Pr. 498; Edwards on Receivers, 260.

Most of these objections would have great force, if, in the relations we bear to the state of Missouri, it is to be treated as a foreign state, and its citizens entitled in our courts to such considerations only as are given to foreigners. It must be conceded that in this matter of insolvent laws, and the administration of assets situated in different states, there has grown up a selfishness which comes very near to that which absolutely foreign states show to each other. But, after all, principles of courtesy and comity do prevail, and the insolvent laws of one state may be permitted to operate in another state, for the promotion of justice, when neither the latter state nor its citizens will suffer any inconvenience or injury thereby, and the title of a foreign receiver will be recognized where it can be done without detriment to the citizens of the state granting the recognition. High on Receivers, § 47.

I have no doubt that this court is so far a court of the state of Tennessee that it is its duty to afford all the protection to the plaintiffs in this case which a state court would or should afford to its own citizens. But it is also true, that because of a fear—whether well or ill founded, it is not material to inquire—that state tribunals would give more consideration to the interests of the citizens of the state than would always be justified in controversies between their own and citizens of other states, the federal courts have been invested with concurrent jurisdiction over such controversies. This seems to imply that in this court, at least, the citizens of other states should not be considered so much as foreigners, and their non-residence here should not weigh so much against them in

the enforcement of rules and regulations of practice governing the discretion of the court in appointing receivers and taking bonds. Relfe is subject to this court; can be removed or punished for contempt; and, in this day of railroads and telegraphs, his residence, a day's journey from the state, where his duties are confined to foreclosing mortgages by legal proceedings or sales under powers of trust, cannot be a serious objection. High on Receivers, § 69.

He is required to account semi-monthly, and no opportunity is afforded for any violation of the injunction. It is no more onerous for these citizens of Tennessee to be compelled, if necessary, to pursue Relfe for a breach of his duties in the courts of Missouri, than it would be to compel the citizens of Missouri, or any of the 30 other states, to pursue a citizen of Tennessee for any breach of his duties as receiver, if one should be appointed residing in that state. And this applies as well to the sureties on the bond. The plaintiffs are not alone interested in the receiver and his bond. A receiver should, undoubtedly, be an impartial and indifferent person. High on Receivers, § 63, *et seq.*; Kerr on Receivers, 2. And generally neither a party to a suit nor a trustee, whose business it is to watch a receiver, should be appointed. Kerr on Receivers, 126. But these rules are not without numerous exceptions. Id.; High on Receivers, §§ 63, 81. *Benneson* v. *Bill*, 62 Ill. 408, 411. The interest of all the creditors of every grade should be considered. *Richards* v. *Railroad*, 1 Hughes, 28.

Relfe, in this case, does not occupy the attitude of a party owning property over which there is a controversy. He is not a trustee solely for particular persons, antagonistic to the plaintiffs here. He is trustee for the plaintiffs as much as others. It is immaterial to him how the funds are distributed or who has priorities. He is wholly impartial and indifferent, or should be. It is his duty to resist every claim not legal and lawful, and to pay just as he may be ordered; but this does not make him partial or antagonistic to one policy holder more than another. He has all the books, all the papers, and is familiar with all the business of the company. He has supervision

everywhere, and it does seem to me that if the law be that the assets in each state must be administered separately, it would greatly facilitate matters, and be to the advantage of all persons interested, to have one man receiver in all the states, although he be required to account in each state; and that the principles for which plaintiffs contend may be enforced as well with such a receiver as with 32 of them.

· In *Wilson* v. *Greenwood,* 1 Swanst. 471, 483, a party to the suit, which was a bill to settle up a partnership, was appointed receiver, and Chancellor Cooper approves the practice for obvious reasons, that apply as well to a case like this. *Todd* v. *Rich,* 2 Tenn. Ch. 107. Plaintiffs were receivers in *Boyle* v. *Bettews Llantwit Co.* L. R. 2 Ch. Div. 726. The case of *Perry* v. *Oriental Hotels Co.* L. R. 5 Ch. Ap. 419, 420, is directly in point, a receiver having been removed in order to appoint the liquidator of the company receiver; and in *Campbell* v. *Compagnie de Bellegarde,* L. R. 2 Ch. Div. 181, the same thing was done, the court saying it was intolerable to have numerous receivers. So far as possible the same principles should be applied in cases like this. In *Barcroft* v. *Snodgrass,* 1 Cold. 430, a trustee in an insolvency assignment was appointed receiver. It does not appear that any objection was made, neither does it appear that any consent was given. Instances of the appointment of non-residents, parties, and trustees as receivers will be found in *Wilmer* v. *Railroad,* 2 Woods, 409, 410; *Stanton* v. *Railroad,* Id. 506; and *Young* v. *Railroad,* Id. 606; and no doubt it is often done in the federal courts. Where the court appointed a receiver in India he was required to give sureties resident in England. *Cockburn* v. *Raphael,* 2 Sim. & Stu. 453. But in *Ex parte Milwaukee R. Co.* 5 Wall. 188, the supreme court did not concur in the opinion of the district judge, that the fact of the non-residence of the sureties within the district was a sufficient reason for rejecting a bond otherwise unobjectionable. It was a *supersedeas* bond, but I see no difference in principle. The non-resident litigants in the federal courts should not be restricted, in giving litigation bonds, to finding sureties away from their homes, where it is often difficult, if not impossible, to do so. If there

be a special reason for requiring it the court can so act; but it would put them to a disadvantage to establish it as a rule that the non-resident party in our federal courts must, when a bond is necessary, find sureties in the place where the court is held.

The bond in this case will be approved, and the rehearing refused.