The People ex rel. David Gore, Auditor of Public Accounts, v. The Illinois Building and Loan Association, Consolidated with Fred J. Parkhurst, Miles K. Young and F. L. Hinckley v. Same.

1. RECEIVERS—*Stockholders of Building and Loan Associations.*—A stockholder in a building and loan association may obviate the objection to his appointment as receiver by a transfer of his stock.

2. SAME—*Parties to Proceedings.*—The fact that a person is a party to proceedings against a building and loan association, does not necessarily disqualify him from being appointed receiver of the association in such proceeding.

3. SAME—*Appointment of—Discretion of the Court.*—The selection

of a receiver is a matter peculiarly within the discretion of the court, having in view the special circumstances of the case and fitness of the candidate for the position by reason of his occupation, experience and character.

4. SAME—*Eligibility, Disputes and Differences.*—The fact there are disputes and differences between the parties in interest, one of whom has been appointed receiver, does not of itself constitute sufficient ground for reversing an appointment of such party as receiver.

Memorandum.—Proceedings to dissolve a building and loan association. In the Circuit Court of McLean County; the Hon. ALFRED SAMPLE, Judge, presiding. Appeal from an order appointing a receiver. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

APPELLANTS' BRIEF, MAURICE T. MOLONEY, ATTORNEY GENERAL; T. J. SCOFIELD AND M. L. NEWELL, OF COUNSEL.

Receivers should be impartial between the parties in interest and stockholders and directors of an insolvent company should not be appointed. Beach on Receivers, Sec. 24; Atkins v. Wabash, St. L. & P. Ry. Co., 29 Fed. Rep. 161; 20 Am. & Eng. Ency., 70; Beach's Modern Equity Practice, Sec. 717.

They should not be themselves personally interested in the litigation nor the partisans of any of the contending litigants. Meier v. Kansas Pacific Railway, 5 Dillon (U. S. C. C.), 476; 20 Am. & Eng. Ency., 70; Beach on Receivers, Sec. 24.

None but an indifferent person is ordinarily eligible to the appointment as receiver. Trip v. Chard Ry. Co., 21 Eng. L. & Eq. 53; 20 Am. & Eng. Ency., 70; Smith v. New York Consolidated Stage Co., 28 How. Pr. (N. Y.) 208; Williamson v. Willson, 1 Bland (Md.) 427; Baker v. Backus, 32 Ill. 79; Beach on Receivers, Sec. 24; High on Receivers, Sec. 63; Edwards on Receivers, 3; Beach's Modern Equity Practice, Sec. 725.

Although there may be nothing against the character or ability of a person, yet if he have a private interest in conflict with the management of a company he will not only *not* be selected to receive and manage the property of such

company, but he will be removed from a position of management which he already occupies. Trip v. Chard R. Co., 21 Eng. L. & Eq. 62; Central Trust Co. v. Wabash, St. L. & Pac. Ry. Co., 1 Ry. & Corp. L. J. 12; Beach on Receivers, Sec. 24.

Stockholders and directors of insolvent corporations should not be appointed receivers thereof unless the case is exceptional and urgent, and then only on the consent of the interested parties. Atkins v. Wabash Ry. Co., 59 Fed. Rep. 174; Wiswell v. Starr, 48 Me. 406; Beach on Receivers, Sec. 33; High on Receivers, Sec. 80; Finance Co. v. Charleston, etc., Ry. Co., 45 Fed. Rep. 436; Freeholders, etc., v. State Bank, 28 N. J. Eq. 166; Beach's Modern Equity Practice, Sec. 725.

The requirement that none but a person indifferent between the parties shall be appointed as a receiver, rests upon the doctrine that the receiver is an officer of court for the benefit, not alone of the party who makes the application, but also for any others who may choose to avail themselves thereof, and, indeed, represents all the parties in interest. 20 Am. and Eng. Ency., 71; Wyatt's Prac. Reg., 355; Booth v. Clark, 17 How. (U. S.) 331.

The rule stated by Beach in his work on Modern Equity Practice (Sec. 725), is as follows:

"The general rule undoubtedly is that a receiver ought to be an indifferent person, and in the full sense of the term, the representative of the court. His past relations, the influences that secured his appointment, his sympathies from whatever cause, must not be such as to predispose him either way.

"A court will not ordinarily appoint one who is *a party*, except perhaps, in partnership suits or under special circumstances; or a solicitor in the cause; or the partner of a solicitor; or a near relative of one of the parties; or *stockholders* or officers of an insolvent corporation party; nor a master in chancery who may be called upon to pass upon the receiver's accounts; or a trustee of the property; or the next friend of an infant, or the son of a next friend, etc." Beach's Modern Equity Practice, Sec. 725.

The People v. Illinois Bldg. & Loan Ass'n.

APPELLEE'S BRIEF, KERRICK & SPENCER, ATTORNEYS.

"The selection and appointment of a particular person for a receiver, out of several candidates proposed, is regarded as a matter of judicial discretion, to be determined by the court, according to the circumstances of the case. The exercise of this, like all other matters of judicial discretion, will rarely be interfered with by an appellate tribunal. And it may be asserted as a general rule that, to induce an appellate court to interfere with the decision of an inferior tribunal in the selection of a receiver, it is necessary to show some 'overwhelming objection' in point of propriety, or some fatal objection upon principle to the person named. And the fact that there are great disputes and differences between the parties in interest, one of whom has been appointed receiver, does not of itself constitute sufficient ground for reversing the appointment made by the court below." High on Receivers (3d Ed.), Chapter III.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order of the Circuit Court, appointing Miles K. Young receiver of the property and assets of the Illinois Building and Loan Association.

It was objected first that Young was a stockholder in the association and interested, therefore, in the corporate assets. This objection, whatever it might have been, was obviated by a transfer of his stock before the appointment.

This transfer was apparently made in good faith, and he thereby was relieved of all personal interest in that behalf.

A second objection was that he was a party to the proceedings and therefore not eligible.

That he was a party would not of necessity disqualify him, but as he has parted with his stock his connection with the proceedings is merely nominal.

It was thirdly objected that at a meeting of stockholders he made a bitter attack upon the officers of the association. We find nothing in the record to sustain this charge, and so we need not inquire whether, if true, it would necessarily disqualify him. It does appear, however, that he was the

unanimous choice of a very large meeting of the stockholders, and that while some of the officers of the association objected to his appointment there was no objection from stockholders.

It is said by Beach on Receivers, Sec. 25, that the selection of a receiver is a matter peculiarly within the discretion of the court, having in view the special circumstances of the case and fitness of the candidate for the position by reason of his occupation, experience and character; and that convincing circumstances amounting to an overwhelming objection in point of propriety, of choice, or something fatal in principle, must be shown to secure a reversal by an appellate tribunal; to the same effect is High on Receivers, Sec. 65; and further, that " the fact that there are great disputes and differences between the parties in interest, one of whom has been appointed receiver, does not of itself constitute sufficient ground for reversing the appointment made by the court below."

There is no allegation or proof against the fitness of the receiver in the present case. He seems to be satisfactory to the great body of stockholders, and the court, presumably knowing his character and qualifications, was willing to accept him as its chief agent in settling the affairs of the corporation.

We see no occasion to interfere and the order will therefore be affirmed.