## International Building, Loan and Investment Union et al. v. Margaret McGonigle et al.

1. APPEALS AND ERRORS—*Orders Making Changes in Receivers Not Reviewable.*—An order substituting one person for another as receiver, affects only the *personnel* of an officer of the court, is purely a matter of judicial discretion and as an interlocutory order is not reviewable on appeal in the absence of legislation authorizing it.

2. SAME—*Act of 1887 as to Appeals from Certain Interlocutory Orders Construed.*—The act of 1887, authorizing appeals from orders appointing receivers or extending their powers does not cover the acts of the court in making changes from time to time in the person acting as receiver.

Bill, for an accounting and a receiver. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in that court at the October term, 1897. Appeal dismissed. Opinion filed October 21, 1897.

CARLTON S. WINSLOW, attorney for appellants.

No appearance for appellee.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This appeal is from an interlocutory order appointing William H. Hall receiver of the International Building, Loan and Investment Union, in lieu of Stensland, Schilling, Emrick, Bradwell and Furlong, receivers theretofore appointed and then resigned.

On October 3, 1896, a bill was filed in the Superior Court of Cook County, by William Clark et al., against the appellant corporation.

On January 5, 1897, an intervening petition in the nature of a bill in chancery was filed in said cause by the attorney-general, in the name of the people, and on the relation of David Gore, auditor, etc. On the same day the Superior Court entered an order in said cause, appointing Stensland, Schilling and Emrick receivers of the appellant corporation, and they immediately qualified.

On October 5, 1896, a bill was filed in the Circuit Court of Cook County, by Margaret McGonigle, against the appellant corporation.

On December 31, 1896, an intervening petition was filed in the last named cause by Strubing et al., and on the same day an order was entered in accordance with the prayer of such petition appointing Bradwell and Furlong receivers of the corporation.

On May 25, 1897, the Clark cause was transferred from the Superior Court to the Circuit Court and there consolidated with the McGonigle cause still pending in that court.

On the 9th day of June, 1897, an order was entered by the Circuit Court in the consolidated causes, denying a motion to discharge the receivers theretofore appointed.

On the 16th day of June, 1897, a further order was entered, in which it is recited that "the interests of the stockholders and creditors will be greatly injured unless the court shall continue the receivership in said cause," etc.

And on the same day the order was entered from which this appeal is prayed.

The order in effect accepts the resignation of Stensland, Schilling, Emrick, Bradwell and Furlong, as receivers, and substitutes Hall as receiver in their place and stead in the words following : " This cause coming on this day to be heard, and Paul O. Stensland, George A. Schilling, George M. Emrick, Thomas Bradwell and James Furlong, who were heretofore appointed as receivers of the business and assets of all the said International Building, Loan and Investment Union, a corporation, having each tendered to the court their resignation as such receivers, * * * it is therefore ordered, adjudged and decreed by the court that the resigna-

tion of said Stensland, Schilling, Emrick, Bradwell and Furlong, as receivers, and all and each of them, be and the same is hereby accepted, * * * that William A. Hall be and is hereby appointed sole receiver of the business and assets of the said International Building, Loan and Investment Union in the place and stead of the said Stensland, Schilling, Emrick, Bradwell and Furlong, receivers as aforesaid," etc.

It seems that from such an order no appeal will lie. In the absence of legislation the act of the chancellor appointing a temporary receiver is held to be largely a matter of judicial discretion. High on Rec. 25.

And in our State, prior to the act of June 14, 1887, appointment of a receiver *pendente lite*, being an interlocutory order, was held to be not reviewable upon writ of error. Coates v. Cunningham, 80 Ill. 467.

Looking at the reason of the rule, there is much more ground for holding that in the absence of legislation no appeal could lie from an interlocutory order merely substituting one person for another as receiver. Such order, affecting only the *personnel* of an officer of the court, is purely a matter of judicial discretion, and, as an interlocutory order, is not reviewable upon appeal under the rule of Coates v. Cunningham, *supra*.

We have only to inquire, then, whether this order comes within the provisions of the act of 1887. The provisions of that act in part are, " That whenever an interlocutory order or decree is entered in any suit * * * appointing a receiver, or giving other or further powers or property to a receiver already appointed, an appeal may be taken from such interlocutory order or decree," etc.

We can not interpret this statute to cover the successive acts of a court in changing from time to time the person of a receivership. If by such an order the scope of the receivership is changed by enlargement, then the statute in express terms extends to such order.

But by this order no change is made in the " powers " or " property " of the receivership. It was merely the act of the court exercising its discretion as to the person who should

continue *pendente lite* in the same receivership theretofore created. Neither by the common law nor by force of the statute is such discretion reviewable.

The appeal is dismissed.