## Paul Eichenbaum and The Eichenbaum Plumbing Co. v. Elias Levee et al.

1. APPEALS—*From Interlocutory Orders.*—It is not necessary, in an appeal from an interlocutory order appointing a receiver, that any action be taken by the court as to allowing the appeal or fixing the amount of the appeal bond.

2. JUDICIAL NOTICE—*Notaries Public.*—Courts will take judicial notice of notaries public of the county in which they sit.

Bill, for the appointment of a receiver. Appeal from an order of the Superior Court of Cook County appointing a receiver. The Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed October 17, 1898.

MARTIN & MARTIN and JAMES N. TILTON, attorneys for appellants.

B. M. SHAFFNER, attorney for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

This appeal is from an order of the Superior Court appointing a receiver.

A motion has been made by appellees to dismiss the appeal. No sufficient grounds are presented in support of this motion. It is not necessary, in an appeal from an interlocutory order appointing a receiver, that any action be taken by the court as to allowing the appeal or fixing the amount of the appeal bond. Nor are the other grounds suggested tenable. The motion to dismiss the appeal is therefore denied.

But we see no reason for interfering with the order appealed from.

The record shows that the order was entered after notice to appellants of the application therefor. At the time of the application no answer had been filed by appellants, and no affidavits were then presented in opposition to the order of appointment. We are of opinion that the order was

warranted by the allegations of the verified bill of complaint.

The contention that the bill of complaint was not properly verified can not be maintained. Courts will take judicial notice of notaries public of the county, and it is presumed that the trial court knew the officer before whom the bill of complaint was sworn to as a notary public. Schaefer v. Kienzel, 123 Ill. 430.

The order is affirmed.