## Iroquois Furnace Co. v. Seneca D. Kimbark et al.

1. APPEALS—*From Interlocutory Orders.*—In appealing from an interlocutory order appointing a receiver no order of the court allowing an appeal is necessary, under the provisions of the statutes.

2. NOTICE—*Of Application for the Appointment of a Receiver—*

*Harmless Error.*—Under the circumstances of this case notice should have been given of the application for the appointment of a receiver, but as the appellant has suffered no prejudice by reason of the lack of such notice the error is without prejudice and insufficient to reverse.

3. Receiver—*A Party to the Suit Not Necessarily Incompetent.*— Where the only relation of a person to the subject-matter of the litigation arises from the fact that he was previously appointed agent, by the voluntary act of all the parties, to take charge of and manage the property involved, and for that reason made a party to the suit, does not render him an improper person to be appointed receiver.

4. Same—*Parties to Suits Incompetent.*—There are decisions in this State, and authorities elsewhere, that in some instances, and notably in receiverships of copartnership property, an interested party may, with propriety, be appointed receiver.

5. Same—*Parties in Interest.*—Where the parties interested in the property have, before the litigation arose, voluntarily agreed upon a person to act as agent for them all, *it has been held* that upon litigation arising between such parties as to such property, the person so acting as agent is a fit and proper person for appointment of receiver.

6. Same—*A General Rule.*—The order appointing a receiver is largely discretionary with the court, especially so in respect to the fitness of the person appointed, and such an order will not be disturbed upon review, upon the ground that the person appointed is an unfit person unless some objection appears which is overwhelming in propriety or fatal upon principle.

**Interlocutory Order Appointing a Receiver.**— Appeal from the Superior Court of Cook County; the Hon. Farlin Q. Ball, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed November 2, 1899.

**Statement.**—This is an appeal from an interlocutory order appointing a receiver for property owned jointly by appellant and certain of appellees. Appellant and appellees Kimbark and the Parkhurst & Wilkinson Co. were judgment creditors of the Chicago Skein & Axle Co., and in January, 1896, purchased the personal property constituting the plant of said Skein & Axle Co. at sheriff's sale under execution. Parkhurst & Wilkinson also filed a creditor's bill to reach certain choses in action due the Skein & Axle Co. It was thereupon agreed by all of said parties that the proceeds of said executions and results realized from said creditor's bill should be shared by the parties in proportion to their respective claims, which claims aggregated about $25,000, of which appellant held about one-fourth and appellees

about three-fourths.   The personal property having been bought in under the executions, the parties entered into a contract dated January 30, 1896, whereby it was provided that Walter B. Mitchell should be appointed agent to take possession of said personal property and receive all fruits of such creditor's bill, and to operate the plant (theretofore operated by the Skein & Axle Co.) for the joint benefit of the parties to said agreement, with power to buy material for the manufacture of the product of such plant, to solicit orders for the sale of goods, to lease the premises from month to month and incur such other expense as might be necessary, and with direction to make statement of the expenses, disbursements and receipts as often as desired by the parties.

By this agreement it was provided that any of the parties in interest should have the right, upon giving notice to the others, to stop the operation of the plant, and it was also provided that whenever a sum equal to five per cent of the total amount of the judgments held by said parties should accumulate in the hands of the agent over and above expenses the same should be distributed to the parties in proportion to their respective interests.

Under this contract Mitchell operated the plant from January, 1896, until July, 1899.

In May, 1899, the appellant served notice on the other parties to the contract and on Mitchell, the agent, that it desired the business to be stopped and the property disposed of within sixty days.   On July 15, 1899, and within the sixty days mentioned in said notice, appellees filed their bill of complaint, alleging that in the personal property in question there was a large number of patterns for thimble skeins accumulated during a long course of business; that such patterns enabled the manufacturer to control the business of the leading wagon manufacturers of the Northwest; that such patterns were worth many thousands of dollars, and that the business could not be secured by any one not in possession of such patterns; that it was largely to realize the value of the patterns that the above mentioned agree-

ment had been entered into; that the good will of the business was of great value and could only be realized by selling the same as a going concern; that Mitchell conducted the business as agent from the time of said contract until the filing of the bill; that the business had been so successful that he was never obliged to call on the parties for capital to carry on the same; that he had built up a large and profitable business and accumulated thousands of dollars' worth of additional patterns; that the business, patterns, property and good will, if sold as a going concern, would pay the amounts due the parties in interest; that large and valuable contracts were on hand, the performance of which would extend over several months; that there were large profits in such contracts, and that if the same were not completed the principals for whom said Mitchell acted would be liable for damages.

The bill further charged that the Iroquois Furnace Co. had ceased to do business; that Foster, its active manager, was about to start in the foundry business in competition with the trade carried on by said Mitchell as agent, and was desirous of stopping said business, and that with that end in view he sought, in the name of the Iroquois Furnace Co., to wipe out the business here in question and depreciate the value of its assets and acquire the property, patterns and good will for little or nothing.

That Mitchell, as agent, had no power to carry on the business after July 17th, but that complainants were entitled to have the same thereafter carried on through a receiver in order to realize their just share of the assets, patterns and good will.

That complainants were entitled to an accounting from Mitchell, as agent, and from the other parties to the contract, for the purpose of ascertaining what moneys were due them under said contract and from the operation of said business thereunder.

On the same day the bill was filed, the defendants, composing the firm of Parkhurst & Wilkinson, which had been merged into the corporation known as the Parkhurst &

Iroquois Furnace Co. v. Kimbark.

Wilkinson Co., entered an appearance and filed a written consent to the appointment of Walter B. Mitchell as receiver. On the same day, and without notice to appellant, an order was entered appointing Mitchell receiver of the property in question, to carry on the business and "to keep the business together as a going concern for not exceeding thirty days, and to prepare the property and business for sale; to get it in shape to advertise and sell as a going concern," etc.

From the certificate of evidence it appears that the bill was presented to the judge, who entered the order on July 15th by the solicitor for the complainants, with the request that an order be entered appointing a receiver; that the solicitor stated to the court that all the defendants had been served or had entered an appearance, but that no notice of the motion for the appointment of a receiver had been given to appellant; that the defendants other than appellant desired the appointment of Mitchell as receiver; and thereupon the court entered the order of July 15th, appointing him as such and designating his powers and authority.

On July 19th the Iroquois Furnace Co., by its solicitors, after due notice to the complainants, moved the court to vacate or modify said order, remove said Mitchell as receiver, and substitute some other person in his place and stead. At the hearing of said motion it was conceded by appellant that a receiver was necessary for the sale of the assets mentioned, but it was objected that said order as entered was improper, because there had been no notice to appellant, because the powers vested in the receiver were too broad, and because appellant should have been permitted to participate in the hearing upon which the receiver was appointed, to make its suggestions and objections respecting the person so to be appointed, and respecting the provisions of the order and the powers vested in the receiver. At the hearing of this motion an affidavit of Charles F. Foster, secretary and general manager of appellant, was read.

The court refused to remove said receiver or substitute

some other person in his place and stead, or to modify the order complained of. Thereupon appellant prosecuted this appeal from the order appointing the receiver.

DEFREES, BRACE & RITTER, attorneys for appellant.

HAMLINE, SCOTT & LORD, attorneys for S. D. Kimbark and Parkhurst & Wilkinson Co., appellees.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

Appellee has presented a motion to dismiss this appeal because no appeal was prayed and allowed in the court below. The motion is denied. The order appealed from being an interlocutory order, no order of the court allowing an appeal is made necessary by the provisions of the statute. Commerce Vault v. Hurd, 73 Ill. App. 107; Hartzell v. Warren, 77 Ill. App. 274; Eichenbaum v. The Eichenbaum Co., 78 Ill. App. 610.

The several grounds upon which appellant seeks a reversal of this order are : 1st. That the application for the order was *ex parte* so far as appellant is concerned, and that the order was entered without any notice to appellant. 2d. That Mitchell, who was appointed receiver by the order, was an improper person to be so appointed because of his relationship to the subject-matter of the litigation. 3d. That the order is too broad.

We are of opinion that under the circumstances of this case, notice might and should have been given to appellant of the application for the order. But it is conclusively shown by the record that appellant has suffered no prejudice by reason of lack of such notice; for upon a full hearing, participated in by appellant, the court afterward denied a motion to vacate the order of appointment. The order should not, therefore, be reversed, and the court below put merely to the re-entering of an order upon notice which that court has already determined to be proper upon a full hearing. The error complained of is an error

shown to have been without prejudice, and to reverse upon that ground alone would be to require needless proceedings in the trial court. O'Kane v. W. E. D. G. Co., 72 Ill. App. 297; N. Y. Bank Note Co. v. Kerr, 77 Ill. App. 53; Cook Co. B. Co. v. Kaehler, 83 Ill. App. 448.

The second contention is that Mitchell's relation to the subject-matter of the litigation made him an unfit person to be appointed receiver. It is conceded by appellee, and was, upon the hearing to vacate this order, that the appointment of a receiver was necessary, and the only objection to the order then or now is because of the person appointed. Counsel for appellee contend that because of this concession appellant can not question the propriety of the order. To this we do not assent. The propriety of the original order of appointment may be questioned upon appeal as well because of the person appointed as upon any other ground. The effect of the decision in International L. & I. Union v. McGonigle, 72 Ill. App. 399, is to hold that where there is no appeal from an interlocutory order appointing a receiver, the propriety of the receivership can not be questioned by an appeal from a subsequent interlocutory order which merely substitutes one person for another as receiver. Where an order is final and appealable, or in an interlocutory order made appealable by the statute, the propriety of the appointment of any person, by reason of his relation to the suit, may be questioned upon review. This appeal is from the original order of appointment. We have, then, to determine if Mitchell is an unfit person to be so appointed. The only relation of Mitchell to the subject-matter of the litigation arises from the fact that he had been previously appointed agent, by the voluntary act of all the parties, to have charge of and manage the property here involved. Therefore he was made a party to the suit. There are authorities to the effect that in general a party to the suit should not be appointed receiver therein. High on Rec. (3d Ed.) 70; Benneson v. Bill, 62 Ill. 408; Finance Co. v. C. R. R. Co., 45 Fed. Rep. 436.

But there are as well decisions in this State, and authorities elsewhere, that in some instances, and notably in

receiverships of copartnership property, an interested party may with propriety be appointed as receiver. High on Rec. 67; Beach on Rec., Sec. 27; Miller v. Jones, 39 Ill. 54; The People ex rel. v. The Ill. Building & Loan Ass'n, 56 Ill. App. 642; Robinson v. Taylor, 42 Fed. Rep. 803. And where, as here, the parties interested in the property have previously and before the litigation arose, voluntarily agreed upon a person to act as agent for them all, it has been held that upon litigation arising between such parties as to such property, the person who had been so acting as agent was a fit and proper person for appointment as receiver. Hanover Fire Ins. Co. v. Germania F. I. Co., 33 Hun, 539.

We regard this decision as being strongly in point. The facts are very like to the facts of the case under consideration. Two insurance companies had established a joint agency and had agreed that upon the termination the agent so appointed should close up the affairs of the joint agency. One of the parties to the agreement undertook to prevent the agent from closing up the business. Upon a bill filed by the other party to the agreement the court appointed the agent as receiver of the joint property. The court, in reviewing the propriety of such appointment, said :

"As the parties themselves had agreed that the defendant Stoddard should manage and close the affairs of this agency, it was entirely regular, so long as he had been interfered with on the part of one of them, that he should be appointed managing receiver by the court and placed under its special control and protection. This was no more than carrying into effect the agreement the parties themselves had voluntarily made; and it was alike beneficial to both of them that this appointment should take place."

A well established rule, applicable to such questions as here presented, is that the order appointing a receiver is largely discretionary, (and especially so in respect to the fitness of the person appointed), and that such order will not, in that behalf, be disturbed upon review unless some objection appear which is overwhelming in point of propriety or fatal upon principle. High on Rec. 65; Cookes

v. Cookes, 2 De G. J. and S., star page, 526; Shannon v. Hawks, 88 Va. 338.

We are not prepared to say, from all that appears by the record, that the appointment of Mitchell as receiver was so opposed to principle as to warrant us in reversing the order.    We are, on the contrary, led to believe from the record that the appointment of any one other than Mitchell would have greatly impaired the selling value of the plant, and hence have been detrimental to the interests of all the parties.    The grounds of objection to this appointment seem slight in comparison with the ground of objection to appointing any one else, and thereby changing the assets from the plant of a going and profit-earning concern into assets which would consist of machinery, material and merchandise only.

Nor do we regard the order as too broad.    By it the receiver is given no power to allow and pay claims of creditors except as approved and ordered by the court.    The order does not reach any property except such as belongs to the joint ownership.    The order is affirmed.