## John Frederick Kehm, survivor of John Frederick Kehm and Emma M. Kehm, v. Thomas Mott et al.

1. RECEIVERS—*When a Defendant May be Appointed.*—A defendant in a foreclosure proceeding, when it appears that he has no interest unfriendly or inimical to the parties, and where it is stipulated, in the trust deed being foreclosed, that he may be appointed receiver, may properly be appointed receiver by the court.

2. SAME—*Presumption as to Appointment—Notice.*—Where the record does not disclose that a receiver was appointed without notice, the court will presume, in the absence of such showing, that the court proceeded regularly and upon due notice.

3. SAME—*Appointment Without Notice—Estoppel to Question.*—A party can not raise in the Appellate Court for the first time the question of the appointment of a receiver without notice, when he has assented to the appointment of the receiver by calling upon the court below to require it to take action as to such receiver, and has had a hearing before the master and the court, after he was served with process and has been accorded every benefit that he could have received by notice in the first instance.

4. EQUITY PRACTICE—*Subsequent Incumbrances.*—Where a bill to foreclose a trust deed alleges that certain defendants have or claim to have some interest in or lien upon the premises conveyed by the deed

of trust, but that such interest or lien was acquired subsequent to said deed of trust, and is subject to the lien thereof, if the defendants have any interest different from such allegations it is incumbent upon them to allege and prove the same.

**Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed January 16, 1900.

**Statement by the Court.**—August 8, 1898, Thomas Mott, being the owner of a note of $8,000, made by one Ostrom, dated June 16, 1893, payable five years after date to the order of said Mott, with interest at six per cent per annum, payable half yearly, and seven per cent per annum after maturity, secured by a trust deed of the same date to Horace E. Hurlburt, trustee, as party of the second part, conveying lot 2 in Ostrom's subdivision in Chicago, Illinois (fully described in the bill), and also the rents, issues and profits thereof, filed his bill to foreclose the same for default in payment of the principal. The bill alleged that Ostrom was insolvent and that the property was meagre and scant security, and asks for the appointment of a receiver.

Among other defendants to said bill were John Frederick Kehm and Emma M. Kehm, and the bill alleges that these defendants above mentioned "have or claim to have some interest in or lien upon said premises conveyed by said deed of trust, but such interest or lien, if any they or any of them have, was acquired long subsequent to the time when said deed of trust became a lien upon said premises, and is subject, subordinate and inferior to the lien thereof upon said premises and to the rights of orator as respects said premises as herein set forth;" also, that "on the 29th day of December, 1897, there was filed for record in the recorder's office of said Cook county, and recorded therein in book 6154 of records, on page 509, a duplicate of a certificate of sale, dated December 27, 1897, made by William Fenimore Cooper, a master in chancery of the Circuit Court of Cook County, to John Frederick Kehm and Emma M. Kehm, certifying that on the 27th day of December, 1897, said master in chancery sold said lot 2 in Ostrom's subdivision to John Frederick Kehm and Emma M.

Kehm for $1,241;" also, that it is provided in said trust deed that "upon the filing of any bill for the foreclosure of said deed of trust, said trustee, or some other proper person, shall be appointed receiver of said premises, and in the event of a foreclosure of, or of proceedings to foreclose said deed of trust, said grantor therein, his heirs and assigns, shall pay all costs and expenses of the foreclosure proceedings, and as a part of such expenses there shall be embraced for a solicitor's fee an amount of money equal to five per centum of the indebtedness secured by said deed of trust unpaid, and the same shall be included in the decree of foreclosure and made a part thereof, and be a lien upon said premises;" also, that said trust deed contains the following provision:

"That in case of the death, removal or absence, either permanently or for the time being, from the said county of Cook, or inability or refusal to act hereunder, of the said party of the second part, or any time when action under the powers and trust herein contained may be required, then James E. Munroe, of the said city of Chicago, shall be, and he hereby is, named, designated and made successor in trust to said party of the second part, under this deed, with like power and authority to do, act and perform as if he were named herein as a party of the second part hereto, and said premises and every part thereof which shall then remain unsold or not reconveyed, shall become vested in said successor in trust for the uses and purposes aforesaid."

The bill is verified under oath of complainant's solicitor in the usual form. Emil R. Haase was, on August 19, 1898, appointed receiver, and qualified August 24, 1898, but whether upon notice to defendants or not does not appear.

The said Kehms filed their answer October 31, 1898, by which they deny each and all of the allegations of the complainant's bill, and call for strict proof of the same.

The cause was referred to a master to take proof and report his conclusions. The master reported, finding that all the material allegations in the bill, and as above herein stated, were proven; that there was due upon said principal note, and secured by said trust deed, the total sum of $8,623.76, including the sum of $350 for complainant's solicitor's fees, which latter sum the master found was a rea-

sonable, the usual and customary charge for the service rendered and to be rendered by the complainant's solicitors in said cause. The evidence heard before the master and reported by him sustains the findings of the report.

Upon a hearing of exceptions by the said Kehms to the master's report, it was confirmed and a decree entered for the foreclosure of said trust deed, and Emil R. Haase, the receiver theretofore appointed by the court, was by said decree continued in office as such receiver until the further order of the court. The decree also provides that on failure to redeem, all the defendants should be forever barred and foreclosed of all right and equity of redemption in and to said real estate, and that the grantee in the master's deed which should be made, in case of a sale and failure to redeem, should be let into possession of said real estate, upon demand therefor, and on refusal to comply with such demand that a writ of assistance should issue to compel the surrender of said real estate.

The evidence before the master shows, among other things, that the James E. Munroe named in said trust deed as successor in trust, is the same person who was complainant's solicitor in the Circuit Court in this case, but that he never accepted the appointment of successor in trust, nor acted as such, and that Hurlbut, the trustee, was absent from the county of Cook, and was in the State of Michigan, in July or August of the year 1898, but what time during those months he was so absent from Cook county does not appear from the evidence. He was served with a summons in the case by the deputy sheriff of Cook county, Illinois, by delivering a copy thereof to him on August 18, 1898.

JAMES A. PETERSON, attorney for appellants.

JAMES E. MUNROE, attorney for Thomas Mott, one of the appellees.

MR. JUSTICE WINDES, after making the foregoing statement, delivered the opinion of the court.

It is claimed by appellants that it was error to appoint

Emil R. Haase receiver, because he was a defendant. This contention, we think, is answered by the fact that it is stipulated in the trust deed being foreclosed that he might be appointed receiver; by the further fact that it does not appear from this record that he has any interest whatever unfriendly or inimical to appellants; and for the further reason that under the answer of appellants they deny that they have any interest in the premises. Iroquois Furnace Co. v. Kimbark, 85 Ill. App. 399, and cases there cited.

It is also claimed that it was error to appoint a receiver without notice. The record does not disclose that the receiver was appointed without notice, and we must presume, in the absence of such showing, that the court proceeded regularly and upon due notice. Moreover, appellants can not now urge error in this regard, because the record shows that they assented to the appointment of the receiver by calling upon the court to require him to take action as such receiver, and also because they had a hearing before the master and the court after they were served with process, and thus were accorded every benefit which they could have received by notice in the first instance. Iroquois Furnace Co. case, *supra.*

It is further claimed that the court erred in settling by its decree, as it is claimed it did, adverse titles, in that the decree bars all equity of redemption of appellants in said premises, in case of a sale and failure to redeem therefrom, and provides for a writ of assistance to place the grantee in the master's deed issued after such failure to redeem and demand of possession by him and a refusal to comply with such demand. Gage v. Perry, 93 Ill. 176, and other similar cases are cited by appellants as sustaining this contention. The difficulty, however, is not with the law as announced in these cases, but the application of it to the case at bar. As we have seen, the bill alleges that the appellants have, or claim to have, some interest or lien upon the premises in question. This allegation is squarely denied by appellants' answer, and their answer does not set up what interest, if any, they have in the premises. There is no proof in the

record to show that appellants have any interest.', Complainant was not obliged to prove that they had an interest, claim or lien upon the premises when appellants denied the allegation in that regard by their answer. Moreover, as we have seen, the bill alleges that if appellants had any interest or lien, it was subject, subordinate and inferior to the lien of complainant. If appellants had any claim or interest in this real estate, in view of the allegations of the bill above stated, it was incumbent upon them to allege and prove the same. 2 Jones on Mortgages, Secs. 1473–4; Sichler v. Look, 93 Cal. 608; Hoes v. Boyer, 108 Ind. 494; Drury v. Clark, 16 How. Pr. 430; Montague County v. Meadows (Tex.), 42 S. W. Rep. 326; Thompson v. Morris, 57 Ill. 333–8; Finch v. Martin, 19 Ill. 105–12.

Even if it could be said the fact that appellants had a master's certificate of purchase of the real estate showed an interest in appellants, it does not appear what it was, or that it was in any way adverse to the lien of appellees. It appears from the record that this certificate was in the possession of appellants' solicitor. He did not produce it, and it will therefore be presumed, as against appellants, that the proof it might afford would not be favorable to them.

Lastly, it is contended that it was error to allow complainant $350 solicitor's fees, because his solicitor in the Circuit Court was also successor in trust. This claim is, in our opinion, fully answered by the fact, which appears from the evidence, that Mr. Munroe never accepted the appointment of successor in trust under the trust deed, and never acted as such. Gray v. Robinson, 174 Ill. 242, is not in point. In that case the trustee in the trust deed was a co-complainant in the case, accepted his appointment as trustee, and in that capacity, of his own volition, became a party complainant in the proceeding.

The decree of the Circuit Court is affirmed.