Coons v. Frost.

---

## William P. Coons et al. v. Max Frost et al.

1. APPEALS—*Interlocutory and Final Orders.*—Except for the statute and in accordance therewith, no appeal lies from interlocutory orders. They lie only from final judgments, orders and decrees.

2. INTERLOCUTORY ORDERS—*Subject to Change before the Final Disposition of the Case.*—An order appointing a receiver is not final, but only interlocutory, which the court may vacate or change before the disposition of the case.

Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Dismissed. Opinion filed February 21, 1902.

THORNTON & CHANCELLOR, attorneys for appellants.

ALBERT N. CHARLES, attorney for appellees.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from an order of the Superior Court directing the clerk of that court to pay over to a receiver appointed in this cause the sum of $578.33, which had been paid into court by appellants to purge themselves from contempt, of which they had been adjudged guilty for disobedience of an order restraining them from paying out money pending the hearing of a motion for appointment of a receiver.

The receiver was appointed June 12, 1900. No appeal has been prosecuted from the order making such appointment. The errors assigned are, according to the statement of appellants' counsel, "the court erred in transferring the moneys herein to the receiver, which had been paid into court under the peculiar circumstances surrounding the order of payment of date August 22, 1900; that no foundation for the payment of the money over to the receiver was shown; and that the said order of September 18, 1900, is contrary to law and against the evidence." The order of August 22, 1900, thus referred to, was that which adjudged appellants guilty of contempt and ordered payment of the money in controversy to the clerk of court on or before August 31st following, in default of which payment appellants were to stand committed to jail. The order of September 18th is that now appealed from. It merely ordered the clerk to pay the money in question to the receiver.

Under guise of an appeal from this order appellants seek to question the correctness of the order of June 12, 1900, appointing the receiver. It is said that such appointment and all proceedings growing out of it, "the actions of said receiver and all orders made in consequence thereof, are void

Coons v. Frost.

for want of jurisdiction in the court." It is evident that the propriety of that appointment can not be considered on this appeal. Section 52 of the chancery act provides for an appeal from an order appointing a receiver, "provided that such appeal is taken within thirty days from the entry of such interlocutory order or decree, and is perfected in said Appellate Court within sixty days from the entry of such order or decree." This is not an appeal from the order appointing the receiver, and if it was it could not now be entertained, not having been taken nor perfected in accordance with the statute. Except for the statute and in accordance therewith, no appeal lies from interlocutory orders, but only from "final judgments, orders and decrees." (Chap. 37, Sec. 25, Chap. 110, Sec. 68, R. S.); International etc., Ass'n v. McGonigle, 72 Ill. App. 399. The order appointing the receiver was but an interlocutory order, which the court making the appointment may yet vacate or change before the disposition of the cause. It is not a final order, and was not appealable after the expiration of the time allowed by statute. Farson v. Gorham, 117 Ill. 139.

Nor is the order which is directly appealed from herein an appealable order. It is in no sense final. It does not even provide for the disbursement of the money in question. It does nothing more than change its custody from the clerk to the receiver. Should the court for any reason decide hereafter to vacate the appointment of the receiver, the custody of the fund may again be transferred to the clerk. If the present order is appealable, so would the subsequent order be, or any order changing the custody of this money. The matter is so clearly within the discretion of the chancellor that unless some special reason is shown no court of review would think of interfering with the exercise of the discretion.

The argument of appellants' counsel is that the order of transfer is invalid because it is said the Superior Court had no jurisdiction under the bill to appoint the receiver, and hence, the appointment being not only erroneous but void, any order recognizing the receivership in any manner is

also void.   The order appointing the receiver in this case, however, does not confer authority to wind up the affairs of the corporation, but only to continue the business, and is based not only upon the original bill but on the cross-bills as well.   It is not by any means clear that it is not a proper order; and, at all events, appellants not having appealed therefrom, but having acquiesced therein, can not now be heard in this indirect manner to question its propriety.

The order appealed from not being a final order, the appeal must be dismissed.   Appeal dismissed.